# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Darwin Holmes,<br><br>　　　　　Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>　　　　　Respondent. | No. 16-02062 PHX SPL (JZB)<br>(No. CR-05-00165 PHX SPL)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Movant Jason Darwin Holmes has filed a Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255, seeking to vacate or set aside a sentence imposed by the Court. (Doc. 1.)[1]

## I. SUMMARY OF CONCLUSION

Movant argues the residual clause of U.S.S.G § 4B1.2(a) is unconstitutionally vague and he was therefore improperly sentenced as a career offender. Movant waived, in his plea proceedings, the right to bring this collateral attack. On the merits, Movant relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015). But the Supreme Court has expressly rejected Movant's claim. *See Beckles v. United States*, ⸺ U.S. ⸺, 137 S. Ct. 886, 895, 897 (2017). The Court will recommend the Petition be dismissed.

---

[1] Citations to "Doc." are to the docket in 16-02062 PHX SPL. Citations to "CR Doc." are to the docket in the underlying criminal case, CR-05-00165 PHX SPL.

## II. PROCEDURAL HISTORY

Pursuant to a plea agreement, Movant pleaded guilty to assault resulting in serious bodily injury, assault with a dangerous weapon, and two counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and 18 U.S.C. § 924(c)(1)(A).

On June 22, 2007, the Court sentenced Movant to a 216-month term of imprisonment followed by five years on supervised release.[2]

## III. MOTION TO VACATE OR SET ASIDE SENTENCE

### A. Movant's Claim

On June 24, 2016, Movant filed the Motion arguing that his sentence was unconstitutional because "Movant's base offense level was determined using the definition of 'crime of violence' set forth in U.S.S.G § 4B1.2(a)." (Doc. 1.)

On August 25, 2016, the government filed a Response. (Doc. 5.) Movant did not file a Reply.

On February 23, 2017, Movant filed a supplemental brief. (Doc. 9.) Movant requested a 120-day stay pending the outcome of *Beckles*. The Court granted the stay. (Doc. 10.) Movant also asserted that his two prior convictions for Aggravated Assault and Robbery were not crimes of violence. (Doc. 9.)

### B. Waiver and Default

#### 1. Waiver

On July 26, 2005, Movant pleaded guilty pursuant to a plea agreement that waived his right to file a § 2255 Motion. Movant expressly waived his right to bring this Motion. His plea agreement states:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives:

---

[2] Movant was originally sentenced on December 5, 2005. Movant appealed, and an "unopposed motion" to remand to the district court "for the purpose of re-sentencing defendant" was granted on September 25, 2006. (CR Doc. 45 at 2.)

> (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) *any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255*, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(CR Doc. 32 at 4) (emphasis added).

The Magistrate Judge found that "[t]he Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence." CR Doc. 22 at 2.) At sentencing, Defendant acknowledged he reviewed and understood the appellate waiver provision in his plea agreement. (CR Doc. 39 at 30.) The Court found Movant waived his appellate rights pursuant to the provisions of his plea agreement. (*Id.* at 31.)

Movant argues that "under information and belief, the magistrate judge did not expressly confirm that Movant was giving up his right to file a 2255 motion . . . ." (Doc. 1 at 6.) But Movant presents nothing from the record to support this claim and his cursory assertion is insufficient. Movant's citations to *Lemke v. Ryan*, 719 F.3d 1093, 1096 (9th Cir. 2013) (noting Lemke's appeal waiver "provision does not mention collateral attack") and *United States v. Arellano-Gallegos*, 387 F.3d 794, 797 (9th Cir. 2004) (noting the "findings and recommendations again omitted any reference to the waiver of appeal") are unavailing. Unlike *Lemke* and *Arelleno-Gallegos*, Movant's plea agreement expressly waived his right to collateral attack and the Court included that collateral-attack waiver in its findings. Also, Movant agreed he understood the appeal/collateral attack waiver prior to sentencing. Movant's waiver of his right to bring this collateral attack is enforceable. *See United States v. Abarca*, 985 F.2d 1012, 1013-14 (9th Cir. 1993) (enforcing Abarca's plea agreement and finding he waived his right to bring a sentencing claim under 28 U.S.C. § 2255).

**2. Timeliness and Procedural Default**

A § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Otherwise, a petition is untimely

unless it satisfies one of the exceptions found in § 2255(f). Section 2255(f)(3) provides that a § 2255 petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Movant filed this petition on June 24, 2016, within one year of the Supreme Court's decision in *Johnson*, which was decided on June 26, 2015. Whether *Johnson* satisfies the § 2255(f)(3) exception has not been established. *See Raybon v. United States*, 867 F.3d 625, 631 (6th Cir. 2017) (finding petition asserting U.S.S.G. § 4B1.2(a) claim untimely post-*Beckles*); *United States v. Brown*, 2017 WL 3585073 (4th Cir. 2017) (same).[3] *But see Moore v. United States*, — F.3d ——, 2017 WL 4021654 (1st Cir. Sept. 13, 2017) (declining to follow *Raybon* and *Brown*). A district court may raise a time bar on its own initiative and has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Because Movant's claim is meritless, the Court will bypass the timeliness issue.

Respondent argues that Movant has procedurally defaulted on his claim by failing to raise it on direct appeal, failed to argue cause, and cannot show prejudice. (Doc. 4 at 11-12.) The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley v. United States,* 523 U.S. 614, 622 (1998). Because Movant's claim is meritless, the Court also elects to bypass the procedural default analysis. *See Moore,* 2017 WL 4021654 (declining to address "complex" procedural

---

[3] *See also McCandless v. United States*, 2017 WL 4019415, at 1* (D. Haw. Sept. 12, 2017) ("Because McCandless did not file his Section 2255 Motion within one year after his conviction became final and because *Johnson* neither applies to nor extends the filing-deadline for Guidelines challenges on collateral review, McCandless' Section 2255 Motion is not timely.").

- 4 -

default argument post-*Beckles*).

**C. Merits**

Movant argues that his sentence is unconstitutional under *Johnson* because "Movant's base offense level was determined using the definition of 'crime of violence' set forth in U.S.S.G § 4B1.2(a)." (Doc. 1 at 4.) Movant argues that "[l]ast year, in *Johnson*[], the Supreme Court held that the identically-worded residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act, was unconstitutionally vague. . . . Thus, if the ACCA's residual clause is unconstitutionally vague, then the Guideline's residual clause must be as well." (Doc. 1 at 5.) Thus, "he was incorrectly sentenced as a career offender under U.S.S.G § 4B1.1 . . . and he must be resentenced." (*Id.*)

In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. But the Supreme Court held in *Beckles* that the residual clause of the Sentencing Guidelines is not void for unconstitutional vagueness. The Court stated: ". . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles*, 137 S. Ct. at 892. Movant's claim fails because § 4B1.2(a)(2) is not void for vagueness as Movant argues. "Fetters contends that his sentence as a career offender under U.S.S.G. § 4B1.1 is unconstitutional because *Johnson*[] invalidated U.S.S.G. § 4B1.2(a)(2)'s residual clause, and therefore his prior criminal endangerment convictions no longer qualify as predicate crimes of violence. Fetters's argument is foreclosed. *See Beckles* . . . ." *United States v. Fetters*, — Fed. App'x. —, 2017 WL 2367394, at *1 (9th Cir. May 31, 2017) (unpublished). *See also United States v. Powell*, — Fed. App'x. —–, 2017 WL 3971465, at *1 (9th Cir. Sept. 8, 2017) (unpublished) (finding post-*Beckles* that "[r]obbery is an enumerated offense that

qualifies as a 'crime of violence'" under § 2K2.1(a)(4)(A) and § 4B1.2(a)(2)'s residual clause)[4]; *United States v. Taylor*, No. 2: CV 16-2063-PHX-DGC (DMF), Doc. 19 (D. Ariz. April 5, 2017) (Order granting a petitioner's motion to dismiss a similar petition in light of *Beckles*). Movant's claim that the residual clause of U.S.S.G. § 4B1.2(a) is "unconstitutionally vague" is foreclosed by *Beckles*.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the

///

///

///

---

[4] The text of § 4B1.2(a)(2) now expressly includes both "robbery" and "aggravated assault." U.S.S.G. § 4B1.2(a) (2016).

findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 18th day of September, 2017.

Honorable John Z. Boyle
United States Magistrate Judge